JOHNSON, Respondent, v. GEO. C. BAGLEY ELEVATOR
COMPANY, Appellant.

(156 N. W. 76.)

(File No. 3850.   Opinion filed February 1, 1916.)

1.  **Principal and Agent—Delivery of Grain for Storage, or Cash
    Check—Authority of "Agent"—Servant.**

    Where a grain buyer and warehouseman, after being notified
    by the owner of land whose tenant was in possession of the
    land, that it should store the owner's grain delivered to it
    by the tenant, in whose possession the grain then was, and
    issue storage tickets therefor and deliver the same to the
    tenant, who was instructed by the owner to haul the grain and
    take the tickets, and who informed the warehouseman that he
    would haul the grain accordingly, and that his hired man
    would deliver it, and the hired man, without any authority
    therefor, demanded of the warehouseman cash tickets for the
    grain delivered, which were issued to him, and the hired man
    forged the name of the owner of the grain on the back of the
    ticket and drew the money on the same, and the owner demand-
    ed of the warehouseman storage tickets for the grain deliv-
    ered, which it refused to give him, **held** in a suit by the owner
    for the grain or its value, that the hired man was not the sub-
    agent of the owner of the grain, under Civ. Code, Sec. 1476,
    defining the relations of servant to master, and Section 1656,
    defining an "agent" as one who represents another in dealings
    with third persons, but was merely the tenant's servant, with-
    out authority, actual or ostensible, to contract with the ware-
    houseman on behalf of the owner, that the limit of his power
    was merely to deliver the grain, and that the warehouseman
    had been so advised, and it was liable to the owner for the
    value of the grain.

2.  **Estoppel—Equitable Estoppel—Principal and Agent—Negligence
    in Failing to Act Upon Previous Information of Agency.**

    In said case, **held,** that the doctrine that, where one of two
    innocent parties must suffer, he who made it possible for his
    agent to defraud should not recover, does not apply, the neg-
    ligence of the warehouseman, after notice, in dealing with the
    tenant's hired man, being the sole cause of the wrong done in
    converting the cash ticket, though the warehouseman acted in
    good faith.

Appeal from Circuit Court, Grant County.   Hon. JOSEPH H.
BOTTUM, Judge.

Action by C. W. Johnson, against the Geo. C. Bagley Ele-
vator Company, to recover certain grain or its value.   From a

judgment 'for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Carpenter & Morrison,* and *Geo. S. Rix,* for Appellants.

*Thad L. Fuller,* and *Howard G. Fuller,* for Respondent.

(1) To point one of the opinion, Appellant cited. Fanset v. Garden City State Bank, 123 N. W. 686; McCord v. Western Union Telegraph Co., (Minn.) 39 N. W. 315; Sec. 1684, Civil Code; Penas v. C. M. & St. R. Ry. Co., 127 N. W. 926; Mott Iron Works v. Bank, 139 Pac. 36.

Respondent cited: Civ. Code, Sec. 1661, 1699.

WHITING, J.  The following case is presented by the stipulation of facts and the trial court's findings herein: A., the owner of certain land, leased the same to B., who thereafter had in his possession certain grain belonging to A.  C. was a grain buying and storing corporation at a neighboring market town, and C. was informed by A. that it should store all of A.'s grain delivered to it, and should issue storage checks therefor and deliver the same to A.  A. instructed B. to haul his grain to C. and to take storage tickets therefor.  Before B. delivered A.'s grain to C., B. informed C. that he (B.) would deliver A.'s grain to it and that it should issue storage tickets therefor.  He further informed C. that his (B.'s) hired man, D., would deliver the said grain.  D. delivered A.'s grain to C., and C. knew that it was A.'s grain when it was so delivered.  D., without any authority therefor, demanded of C. that it deliver to him a cash ticket for such grain, and C. delivered such cash ticket to D. contrary to the previous instructions received from A. and B., and knowing that the party to whom such ticket was delivered was not A.  Said cash ticket was issued in the name of A., and D. forged the name of A. on the back of said ticket and drew the money on the same.  A. demanded storage tickets for said grain; C. refused to give him such tickets; and A. sued for the grain or its value.  The trial court rendered judgment in favor of A. for the value of such grain, C. being unable to deliver possession thereof to A.  From such judgment and an order denying a new trial C. Appeals.

[1] C. contends that D. was the subagent of A.  In this C. is clearly in error.  D. was but the mere servant of B., without any authority, either actual or ostensible, to enter into a contractual relation with C. on behalf of A.; the limit of his power was

merely to deliver the grain, and of this fact C. had been fully advised. Sections 1476 and 1656, C. C.; 2 C. J. 423.

[2] Appellant urges that, inasmuch as C. acted in good faith, and one of two innocent parties must suffer, he should suffer who made it possible for his agent to defraud him; and it contends that A. made it possible for D. to defraud him. Not only was D. not an agent of A. but A. did everything that a reasonably prudent man could and should do to advise C., and it was solely through the negligence of C. that it became possible for D. to commit the wrong. Against the clear instructions of both A. and B., C. saw fit to accept D.'s statement in regard to his authority to sell the grain; it accepted such statement at its own peril. Shull v. New Birdsall Co., 15 S. D. 8, 86 N. W. 654; 2 C. J. 562-564.

The judgment and order appealed from are affirmed.